# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 00-50889
Summary Calendar

―――――――――


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERTO AGUILAR-RAMIREZ,
A/K/A FELIPE VELASQUEZ-RESENDEZ,

Defendant-Appellant.


―――――――――

Appeal from the United States District Court
for the Western District of Texas

―――――――――

June 22, 2001


Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]
Roberto Aguilar-Ramirez ("Aguilar") ap-

―――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

peals a judgment of sentence denying him a downward departure under 18 U.S.C. § 3553(b). Because the district court did not realize that it could grant a downward departure, we vacate and remand for resentencing in accordance with *United States v. Madison*, 990 F.2d 178 (5th Cir. 1993).


I.

Aguilar was indicted and charged with being in the United States illegally after removal,

in violation of 8 U.S.C. § 1326.[1] He had been deported to Mexico five times. He pleaded guilty, and the presentence report recommended that his offense level be increased by sixteen levels because he had been convicted of an aggravated felonySStheftSSbefore his deportation.

Aguilar objected, because no felony convictions had been alleged in the indictment. The objection was overruled. The PSR calculated that Aguilar's five convictions[2] placed him in criminal history category V. He moved for downward departure on the ground that category V overrepresented the seriousness of his criminal history.

The district court denied the motion but stated that it was disturbed by the criminal history category assigned to Aguilar. Additionally, the court stated that it had reviewed *Madison* and found the facts of the present case directly comparable to those in *Madison*.[3] When Aguilar's counsel asked the

court whether it felt that *Madison* deprived it of authority to grant departure, the court responded, "Yes, I do." Then, the following exchange occurred:

[Counsel for the Government]: Your Honor, . . . to make sure that the appellate record is clear, it seemed that the court had decided it had the power and authority to depart, however, felt constrained under the factual circumstances by the Fifth Circuit's prior precedent, and we just want to make sure that that's clear.

THE COURT: I feelSSwell, in order to make the record clear, I feel that by reason of the Fifth Circuit's decision, I am bound by that precedent. And that precedent dictates that I overrule the motion for downward departure.

[Counsel for the Government]: And that's a consideration of the factual determination the court has made?

THE COURT: Yes.

II.

In enacting the Sentencing Reform Act of 1984, Congress granted the authority "to depart from the applicable guideline range if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating

---

[1] That offense carries a maximum term of two years' imprisonment. *See* 8 U.S.C. § 1326(a). If the alien is removed after conviction for an aggravated felony, the maximum punishment is increased to twenty years. *See* 8 U.S.C. § 1326(b)(2).

[2] Aguilar had been convicted of driving under the influence, driving with a suspended license, burglary, petty theft, and illegal re-entry.

[3] The district court stated that, in *Madison*, the defendant had a serious criminal history and had been arrested for multiple crimes such as trespassing and credit card fraud. Consequently, because of the strong criminal history, the court in *Madison* refused to grant a downward departure. *See Madison*, 990 F.2d at 184. The district court (continued...)

[3](...continued)
in the present case stated that it saw no reason why Aguilar's criminal history was any less serious than that in *Madison*. Consequently, the court claimed that it was denying the motion for a downward departure "based on that fact."

2

the guidelines that should result in a sentence different from that described.'" *Koon v. United States*, 518 U.S. 81, 92 (1996) (citing 18 U.S.C. § 3553(b)). A court may depart downward "provided that appropriate and adequate reasons for the departure are assigned." *Madison*, 990 F.2d at 182. A downward departure may be given if a defendant's criminal history category significantly overrepresents the seriousness of his criminal history. *See* U.S.S.G. § 4a1.3 (policy statement); *Koon*, 518 U.S. at 96. In deciding whether to depart downward, the district court has significant discretion. *See, e.g., United States v. Threadgill*, 172 F.3d 357, 376 (5th Cir.), *cert. denied*, 120 S. Ct. 172 (1999).

Generally, we "will not disturb the sentencing court's discretionary decision not to depart downward from the guidelines." *United States v. Crow*, 164 F.3d 229, 239 (5th Cir.) (citing *United States v. Soliman*, 954 F.2d 1012, 1014 (5th Cir. 1992)), *cert. denied*, 119 S. Ct. 2051 (1999) ).[4] We will review a refusal to depart downward only where the district court mistakenly believed that the departure was not permitted by the guidelines, where the district court misinterprets the guidelines, or where the sentence is outside the range of applicable guidelines. *United States v. McClatchey,* 249 F.3d 348, ___ (5th Cir. 2001); *see* 18 U.S.C. §§ 3742(a).

---

[4] Because the district court has substantial discretion in these matters, the standard of review for a denial of a motion for downward departure is abuse of discretion. *See Crow*, 164 F.3d at 239; *Lugman*, 130 F.3d at 115 (citing *Koon*, 518 U.S. at 116, and noting that "a district court by definition abuses its discretion when it makes an error of law, and therefore a unitary abuse of discretion standard of review is sufficient").

A court's erroneous belief that it lacks authority to grant a downward departure constitutes a violation of law, and we may review a sentence based on such error. *See United States v. Yanez-Huerta*, 207 F.3d 746, 748 (5th Cir.), *cert. denied*, 121 S. Ct. 432 (2000). If, however, a court refuses to grant a downward departure based on the facts of a particular case, we do not have jurisdiction. *See United States v. Lugman*, 130 F.3d 113, 114-15 (5th Cir. 1997).

The district court apparently believed it did not have authority to grant a motion for a downward departure, because it thought *Madison* removed that authority. This directly contradicts *Madison*'s holding that a district court may depart downward "provided that appropriate and adequate reasons for the departure are assigned." *Madison*, 990 F.2d at 182 (noting that "[e]nunciation of an adequate explanation for departure from the sentencing guidelines range is a threshold requirement mandated by statute"); 18 U.S.C. §§ 3553(c), 3742(e). The court also stated, however, that it merely was making a factual determination that Aguilar did not deserve a downward departure from sentencing guidelines. Thus, a literal reading of the record leads one to conclude that the court believed that it lacked the authority, under Fifth Circuit precedent, to grant a downward departure, but still considered granting a downward departure and found one not merited.

The government claims that the court's statement that *Madison* removed its authority to grant a downward departure should be viewed "in context of the entire record." The government argues that the court really meant that it could not grant a motion for a downward departure based on the facts of the present case. In support of this contention, the

government cites, among other cases, *United States v. DeCosta*, 37 F.3d 5 (1st Cir. 1994); *United States v. Gulley*, 992 F.2d 108 (7th Cir. 1993); *United States v. Payne*, 81 F.3d 759 (8th Cir. 1996); and *In re Sealed Case*, 199 F.3d 488 (D.C. Cir. 1999). All of these, though, are distinguishable.[5] None of them involved the sort of colloquy that occurred here.

Where, as here, the record is confusing, a remand is required.[6] On remand, the district court can exercise its authority under *Madison* to grant a downward departure, or it can decide not to grant a downward departure based on its evaluation of the seriousness of Aguilar's criminal history. We express no view of which decision the court should make.

## III.

Aguilar contends that his sentence of seventy months violates due process. He claims that § 1326(b)(2) defines a separate offense, of which a prior aggravated-felony conviction is an element. He argues that construing § 1326(b)(2) as a sentence-enhancement provision would render the statute unconstitutional. As Aguilar admits, however, the Supreme Court has rejected these arguments. *See United States v. Almendarez-Torres*, 523 U.S. 224 (1998). So too has this circuit. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (noting that *Almendarez-Torres* governs § 1326(b) actions), *cert. denied*, 121 S. Ct. 1214 (2001). Because these arguments are foreclosed by binding precedent, we reject them.[7]

---

[5] The government's use of *DeCosta* is unavailing. There, defense counsel never explicitly mentioned downward departure nor urged additional factors as a basis for downward departure. *See DeCosta*, 37 F.3d at 7-9. Here, by contrast, counsel for Aguilar directly asked the court whether it had authority to grant a downward departure pursuant to *Madison*.

Also distinguishable is *Gulley*, which did not involve two completely contradictory conversations between the district court and both sides. Rather, the court in *Gulley* stated merely that it could not grant a downward departure because of the facts of the particular case. *See Gulley*, 992 F.2d at 111-12.

In *Payne*, the court merely stated that it was unsure that it had the authority to grant a downward departure. *See Payne*, 81 F.3d at 765. Here, the court was sure that it did not have such authority, then stated that, because of Aguilar's criminal history, it would not grant a downward departure. Finally, the court stated that *Madison* dictated that it overrule Aguilar's motion, but it did not say why. Lastly, *In re Sealed Case* is not on point, because counsel for the defendant never requested a downward departure. *See In re Sealed Case*, 199 F.3d at 490-91.

[6] *See United States v. Beckham*, 968 F.2d 47, (continued...)

[6](...continued)
54-55 (D.C. Cir. 1992) (noting that the district court was unaware that authority existed to grant a downward departure); *United States v. Webb*, 139 F.3d 1390, 1395 (11th Cir. 1998) (stating that, because the record was ambiguous, a remand was required); *United States v. Brown*, 903 F.2d 540, 544-45 (8th Cir. 1990).

[7] Aguilar asserts that "the continuing validity of *Almanedarez-Torres*, however, has been cast into serious doubt" by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because the Court did not overrule *Almendarez-Torres* in *Apprendi*, *Almendarez-Torres* still controls. *See, e.g., Agostini v. Felton*, 521 U.S. 203, 237 (1997); *Rodriguez de* (continued...)

### IV.

As another circuit has stressed, "sentencing judges should avoid using the ambiguous language that gives rise to appeals . . . . Justice is better served through clarity on the record." *In re Sealed Case*, 199 F.3d at 491. We VACATE the judgment of sentence and REMAND for resentencing in accordance with *Madison*.

---

[7](...continued)
*Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989). Aguilar's second argument fails by default because, as he admits, *Almendarez-Torres* still governs. *See United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000) (stating that *Apprendri* did not overrule *Almendarez-Torres*), *cert. denied*, 121 S. Ct. 1152 (2001).