**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31220**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RAVIN SIMPSON,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(01-CR-99-ALL-S)**

_____
May 13, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Ravin Simpson challenges his convictions under 18 U.S.C.
§ 1623 for perjury before the United States District Court, arising
out of the testimony he gave voluntarily in a criminal prosecution
of a coconspirator that was contrary to testimony Simpson gave in
an earlier proceeding in which he was convicted in another United
States District Court.  Simpson entered guilty pleas conditioned

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon the right to appeal the denial of his motion to quash the indictment.

Simpson contends that the Government violated his rights under the Fifth Amendment by *not* advising him of his right against self-incrimination and *not* providing him counsel. He asserts also that the Government violated his rights under **Miranda v. Arizona**, 384 U.S. 436 (1966), by interviewing him prior to his appearance as a witness at the coconspirator's trial.

A ruling on a motion to quash is reviewed for abuse of discretion. **United States v. Crow**, 164 F.3d 229, 234 (5th Cir.), *cert. denied*, 526 U.S. 1160 (1999).

The Fifth Amendment privilege against self-incrimination applies to compelled testimony; the Amendment "does not preclude a witness from testifying voluntarily [as here] in matters which may incriminate him". **United States v. Monia**, 317 U.S. 424, 427 (1943). If a witness desires the protection of the privilege, he must invoke it. **Id**.

Simpson has not shown a violation of his privilege against self-incrimination. He voluntarily testified at his coconspirator's trial and he did not invoke his right against self-incrimination. **Id**. In addition, the statements for which Simpson was prosecuted did not relate to a crime that occurred prior to Simpson's testimony; the statements were not confessional in nature; and the statements, in and of themselves, constituted the

2

crime of perjury for which Simpson was prosecuted.  *See* **United States v. Kirk**, 528 F.2d 1057, 1061-62 (5th Cir. 1976).

Simpson was not entitled to **Miranda**-type warnings prior to his commission of perjury.  *See* **United States v. Mandujano**, 425 U.S. 564, 580-83 (1976).  Furthermore, he has not shown he was in custody and entitled to counsel afforded under the Fifth Amendment. *See* **McNeil v. Wisconsin**, 501 U.S. 171, 176-78 (1991); **United States v. Smith**, 7 F.3d 1164, 1167 (5th Cir. 1993).

Finally, Simpson asks that we exercise our "supervisory powers" to vacate his conviction because of claimed misconduct by the Government.  The Government responds that, *inter alia*, this argument constitutes a due-process-fundamental-fairness argument, and that we should not consider it because no due process argument was raised in the district court.  Simpson replies that he is not raising a due process argument and that he is asking only that we vacate the conviction under our "supervisory powers" if we conclude that the Government violated Simpson's Fifth Amendment rights.

Even assuming *arguendo* we have such power, we decline to exercise it because Simpson, as stated, has shown no Fifth Amendment violation, nor has he shown misconduct on the part of the Government.

For the foregoing reasons, the judgment is

**AFFIRMED.**
