United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-50451
SUMMARY CALENDAR

————————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SAUL CARRASCO LARA, also known as Samuel Carrasco Lara

Defendant - Appellant

————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
(MO-01-CR-115-ALL)

————————————————————————————————————————

Before REYNALDO G. GARZA, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Saul Carrasco Lara was convicted by a jury of receiving and possessing matter containing

visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252

(a)(2) and 18 U.S.C. § 2252 (a)(4). The district court sentenced Lara to concurrent terms of 180

and 60 months in prison and a three year period of supervised release.

———————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

Lara contends that the district court erred in denying his motion to suppress evidence that was seized from his apartment pursuant to a search warrant. Lara asserts that the affidavit supporting the search warrant was based upon an unreliable source –i.e., the fourteen-year-old victim of defendant's sexual assault in a related but separate case. He argues that, because the source was unreliable, the information derived therefrom was not reasonably credible.

The affidavit contained information based on police reports and statements from the victim. It set forth reasons for issuing the warrant and showed that the victim had not only been a party to a lengthy association with Lara, but also that the victim had been inside Lara's apartment numerous times. The affidavit also included the child advocacy center representative's assertion that the victim was credible. It described the place to be searched and the items sought. Furthermore, the affidavit provided information from the FBI Behavioral Science Unit that supported the belief that the evidence sought would be present in the apartment.

The affidavit was sufficiently detailed and specific; it was not so lacking in indicia of probable cause as to render the officers' good-faith reliance on the warrant entirely unreasonable. *United States v. Cherna*, 184 F.3d 403, 407-08 (5th Cir. 1999); *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

II.

Lara also contends that the Assistant United States Attorney ("AUSA") invaded the province of the jury and vouched for witness testimony when, during closing argument, he stated that the victim's testimony was the "only credible evidence" and that Lara was "guilty." According to Lara, these comments constituted plain error that affected his substantial rights and

deprived him of a fair trial.

On plain error review, we will reverse a conviction based on improper comments "'only if the government's closing arguments seriously affected the fairness or integrity of the proceedings and resulted in a miscarriage of justice.'" *United States v. Knezek*, 964 F.2d 394, 400 (5th Cir. 1992)(quoting *United States v. Hatch*, 926 F.2d 387, 394 (5th Cir), *cert. denied*, 500 U.S. 943, 111 S.Ct. 2239, 114 L.Ed.2d 481 (1991)).

The AUSA's comments emphasized to the jury the evidence supporting the victim's reliability and were offered in response to defense counsel's attempts to impugn the victim's credibility. The AUSA's comments directed the jury to make logical and fair inferences from the evidence. *See United States v. Washington*, 44 F.3d 1271, 1278 (5th Cir. 1995); *see also United States v. Loney*, 959 F.2d 1332, 1343 (5th Cir. 1992)("it is well established that a prosecutor may recite to the jury those inferences and conclusions he wishes them to draw from the evidence so long as those inferences are grounded upon the evidence"). Lara has not shown that the AUSA's closing remarks were improper, nor has he shown that the comments "seriously affected the fairness or integrity of the proceedings and resulted in a miscarriage of justice." *Knezek*, 964 F.2d at 400.

### III.

Lara further contends that the evidence was not sufficient to support his conviction for violating 18 U.S.C. § 2252(a)(2) and (a)(4). He asserts that the evidence depicted only nudity of children and did not depict minors engaged in sexually explicit conduct. In support of his assertions, Lara notes that a government witness testified that it was difficult to discern whether certain images found on Lara's computer were actually images of minors.

We must determine "whether a rational trier of fact could have found the elements of the offense [at issue] beyond a reasonable doubt." *United States v. Crow*, 164 F.3d 229, 237 (5th Cir. 1999). "We view the evidence in the light most favorable to the government." *Id.*

Section 2252(a)(2) "makes it a crime to knowingly receive any visual depiction of a minor engaged in sexually explicit conduct via interstate commerce." *Crow*, 164 F.3d at 236. Section 2252(a)(4) criminalizes the knowing possession of "three or more matters which contain visual depictions that had been shipped and transported in interstate and foreign commerce, the production of which involved the use of a minor engaging in sexually explicit conduct." *United States v. Kimbrough*, 69 F.3d 723, 726 (5th Cir. 1995). The identification "of visual depictions of minors engaging in sexually explicit conduct" is a factual determination. *Kimbrough*, 69 F.3d at 727-28.

The record before this Court reveals that it was sufficiently established that the images depicted minors engaging in sexual acts. Firstly, testimony was offered –from both the victim and a police detective– to establish that the images depicted minors engaging in the necessary conduct. The jury was free to believe the witnesses' testimony. *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Secondly, the jury was entitled to consider the exhibits, which, despite Lara's arguments to the contrary, seem to clearly depict the necessary conduct.

IV.

For the foregoing reasons, the judgement of the district court is AFFIRMED.