# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2012

No. 11-50188

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMIAS SANTIAGO HERNANDEZ, also known as Jeremias Hernandez;
ROBBIE PADILLA,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
(09-CR-216)

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jeremias Hernandez and Robbie Padilla appeal their convictions for conspiracy to distribute at least 500 grams of methamphetamine and five kilograms of cocaine and conspiracy to commit money laundering. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50188

## FACTS AND PROCEDURAL HISTORY

Law enforcement began investigating the subject drug and money laundering conspiracies in March of 2006. During the course of the investigation, authorities discovered that Albert Ruiz was selling methamphetamine and cocaine. Ruiz received his drugs from various people, including Jose Molina, Rolondo [or Roland] Robles, and Luis Santana. Ruiz employed Juan Gabriel Zavala to assist with the distribution of the drugs. Ruiz, Zavala, Robles, and Molina supplied Jeremias Santiago Hernandez and Robbie Padilla with drugs. Hernandez and Padilla then sold the drugs to various individuals, including Joe Nabejar. The coconspirators used the proceeds from the drug sales to operate businesses selling homes, cars and ice cream.

As a result of the investigation, Hernandez and Padilla were charged by superseding indictment on June 8, 2010, with Count One of conspiracy to distribute at least 500 grams of methamphetamine and conspiracy to distribute at least 5 kilograms of cocaine and Count Two of conspiracy to commit money laundering. The case proceeded to trial and a jury found Hernandez and Padilla guilty of both charges on November 12, 2010. Each defendant was sentenced on Count One to imprisonment for life with five years of supervised release. On Count Two, each defendant was sentenced to 240 months imprisonment to run concurrently, and three years of supervised release.

## STANDARD OF REVIEW

The denial of a motion for judgment of acquittal is reviewed de novo. *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003). This Court will uphold a jury verdict if a rational trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt. *United States v. Sacerio*, 952 F.2d 860, 863 (5th Cir. 1992). The Government must prove the defendant guilty beyond a reasonable doubt, not merely that he could have been guilty. *Id.* Although some of the circumstances may be suspicious, mere suspicion cannot

2

No. 11-50188

support a verdict of guilty. *Id.* This Court does "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

However, when a defendant fails to renew his motion for acquittal at the close of all evidence, plain error is the standard of review for a sufficiency challenge. In the instant case, Hernandez and Padilla both moved for judgment of acquittal at the close of the Government's case. Hernandez did not put on any evidence after the Government rested. Padilla called one witness, Julie Patterson, who was cross examined by counsel for Hernandez and counsel for the Government. Hernandez and Padilla then both rested without renewing their motions for acquittal. The government asserts that plain error is, therefore, the applicable standard of review. Hernandez asserts that because he asserted his motion for acquittal at the close of the Government's case and did not put on any evidence after that, then the standard of review is de novo. Padilla merely asserts a de novo standard of review.

While a de novo review for Hernandez and a plain error review for Padilla may seem appropriate, it is not necessary to decide this issue because the evidence was sufficient under either standard.

## DISCUSSION

### I. Whether the evidence was sufficient to support appellants' convictions for conspiracy to distribute 5 kilograms of cocaine and whether the resulting verdicts were ambiguous.

Hernandez and Padilla admit to involvement in a cocaine conspiracy, but assert that the evidence at trial only proved a cocaine conspiracy in a lesser amount than 5 kilograms and that the lesser amount brought it within 21 U.S.C. section 841(b)(1)(C), which provides a maximum punishment of twenty years in prison. Further, they assert that, as a result of the insufficiency of the evidence,

the jury verdict is ambiguous and they should be resentenced within the twenty-year maximum.

Hernandez and Padilla admit that a "single drug conspiracy conviction with multiple objectives (the distribution of more than one drug) will be upheld on appeal so long as the evidence permitted the jury to find that the defendant conspired to commit at least one of the objectives." (both citing *United States v. Dale*, 178 F.3d 429, 431-32 (6th Cir. 1999)). Hernandez and Padilla further admit that the count one "drug conspiracy jury verdict was not ambiguous on its face," but has been "rendered ambiguous" by the insufficiency of the evidence.

The Government asserts that the evidence was sufficient to sustain the convictions of Hernandez and Padilla for conspiracy to distribute at least five kilograms of cocaine because two coconspirators admitted to distributing kilogram quantities of cocaine and one testified about smuggling at least thirteen kilograms.

> In order to prove conspiracy to distribute cocaine, the Government must prove: (1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the conspiracy. It is not enough that the defendant merely associated with those participating in a conspiracy, nor is it enough that the evidence places the defendant in a climate of activity that reeks of something foul.

*Sacerio*, 952 F.2d at 863 (internal citations and marks omitted). Under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Government must also prove a fourth factor, that the overall scope of the conspiracy involved at least five kilograms of cocaine. *See United States v. Turner*, 319 F.3d 716, 721-22 (5th Cir. 2003). *See also United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007). The Government must prove each element, including drug quantity, beyond a reasonable doubt, but does not have to prove

No. 11-50188

that the quantity was attributable to the appellants individually. *Turner*, 319 F.3d at 722.

Zavala testified that he was in the drug business with Hernandez and Padilla, and that he was involved in trafficking both methamphetamine and cocaine. Zavala also testified that he got caught transporting ten bricks of methamphetamine and thirty bricks of cocaine from Mexico for Luis Santana, a co-defendant of Hernandez and Padilla.[1] Zavala could not remember whether these particular bricks were each one pound or one kilogram. Either way, the minimum quantity would be more than 13 kilograms of cocaine. Notwithstanding that Zavala's testimony alone is sufficient to establish evidence of more than five kilograms, Nabejar also testified that he purchased cocaine from Padilla on one occasion. Further, Ruiz testified that he purchased and distributed both methamphetamine and cocaine.

The evidence was sufficient to support Hernandez's and Padilla's convictions for conspiracy to distribute more than five kilograms of cocaine. Further, the jury verdict was not ambiguous.

## II. Whether the evidence was sufficient to support Hernandez's conviction for conspiracy to commit money laundering.

Hernandez argues that none of the seven events introduced by the Government as evidence of a money laundering conspiracy passes legal scrutiny and that the Government failed to prove this count.

The Government asserts that the evidence was constitutionally sufficient to sustain Hernandez's conviction of conspiracy to commit money laundering and that Hernandez's conviction does not constitute a manifest miscarriage of justice.

---

[1] Hernandez and Padilla attempt to place Zavala's arrest outside the time of the conspiracy. However, the record supports the proposition that this occurred while the conspiracy was still ongoing.

No. 11-50188

> To establish conspiracy to commit money laundering, the government must prove (1) that there was an agreement between two or more persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose. Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence. An agreement may be inferred from a 'concert of action.' The government need not prove an overt act in furtherance of the conspiracy.

*United States v. Fuchs*, 467 F.3d 889, 906 (5th cir. 2006) (internal marks and citations omitted).

In the instant case, the conspiracy involved the offenses of promotional money laundering under 18 U.S.C. section 1956(a)(1)(A)(i) and concealment money laundering under 18 U.S.C. section 1956(a)(1)(B)(i)

Hernandez basically argues that he did not individually purchase any homes or cars or in any other way engage in money laundering. As the Government pointed out during trial, this is a conspiracy charge and Hernandez only had to be part of the conspiracy.

The record establishes evidence of cash payments being made to coconspirators. Hernandez assisted Padilla in giving money to Ruiz for drugs. Members of the conspiracy testified and admitted laundering money by purchasing cars, real estate, and operating an ice cream business.

There was evidence that Hernandez posted $100,000 bond using drug proceeds to get Padilla released from jail. Other Circuits have found the posting of bond to be a sufficient financial transaction for money laundering purposes. *See United States v. France*, 164 F.3d 203, 208 (4th Cir. 1998); *United States v. Laurenzana*, 113 F.3d 689, 792 (7th Cir. 1997).

There was evidence that Hernandez and Padilla opened a safe deposit box together at the Dallas Telco Federal Credit Union. A bank officer saw Padilla with a bag containing bundles of cash and both men were seen accessing the box

at different times.  The use of a safe deposit box qualifies as a transaction under the money laundering statute.  18 U.S.C. § 1956(c)(3).  Further, other Circuits have found this evidence sufficient.  *See United States v. Bowman*, 235 F.3d 1113, 1116 (8th Cir. 2000); and *United States v. Stephenson*, 183 F.3d 110, 120 (2nd Cir. 1999).

Hernandez's argument that the Government did not prove that the money laundering had an effect on interstate commerce is likewise without merit.  The record contains evidence that the drugs came from Mexico and were distributed into other states.  Further, the other actions alleged have been found to affect interstate commerce.  *See United States v. Westbrook*, 119 F.3d 1176, 1191-92 (5th Cir. 1997).

Accordingly, Hernandez has failed to establish plain error and the evidence was sufficient to support his conviction for conspiracy to commit money laundering.

## III.    Whether the district court committed reversible error by instructing the jury that conspiracy to commit money laundering required proof of an overt act.

Hernandez raises this for the first time on appeal.  Therefore, this court reviews it for plain error.  *United States v. Crow*, 164 F.3d 229, 235 (5th Cir. 1999).  For an error to be plain, it must be obvious under current law, affect a substantial right and result in prejudice to the defendant.  *Id.*

A conviction for conspiracy to commit money laundering under 18 U.S.C. § 1956(h) does not require proof of an overt act in furtherance of the conspiracy.  However, the district court instructed the jury, in relevant part:

> That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count Two of the indictment in order to accomplish some object or purpose of the conspiracy.  While you need only find that one of the overt acts was committed, in order to have a unanimous verdict you

No. 11-50188

must all agree as to which, whether one or more, of the overt acts was committed.

Hernandez asserts that the district court plainly erred by misstating the law by instructing the jury that conspiracy to commit money laundering required proof of an overt act.  The Government asserts that the district court did not plainly err because it explicitly instructed the jury that it must find each element beyond a reasonable doubt. (R. 221).  Further, the Government asserts that the "overt act" element was merely surplusage, actually increased the Government's burden, and is harmless.  *See United States v. Alerre*, 430 F.3d 681, 694-95 (4th Cir. 2005); *United States v. LaBudda*, 882 F.2d 244, 249 (7th Cir. 1989); and *United States v. Wilson*, 657 F.2d 755, 763 (5th Cir. 1981).

Because the effect of the error, if any, was to increase the Government's burden, any such error did not affect Hernandez's substantial rights.  Accordingly, Hernandez fails to establish plain error.

## IV. Whether Padilla's Sixth Amendment right to confront witnesses was violated by allowing Monica Lopez to testify.

Confrontation Clause violations are reviewed de novo, but are subject to harmless error analysis. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004).

Padilla asserts that the testimony of Monica Lopez, drug laboratory supervisor of Southwestern Institute of Forensic Sciences, that Government Exhibit 15 contained 1.7 grams of methamphetamine and Exhibit 16 contained 46.9 grams of methamphetamine, violated his right of confrontation because Lopez did not perform the analysis.  Lopez based her testimony on data generated at the time of the analysis as well as the notes and calculations of the two absent analysts.  Padilla objected on the basis of hearsay and lack of confrontation.

8

No. 11-50188

The Government correctly asserts that because Padilla's objection was untimely, as Lopez had already testified that the two substances at issue contained methamphetamine, the review is for plain error only. *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). However, the Government asserts that the testimony of Lopez did not violate Padilla's Sixth Amendment right of confrontation under either plain error or de novo review. Alternatively, the Government asserts that the admission of the testimony was harmless.

Specifically, the Government asserts that:

> Lopez's testimony concerned a report not admitted into evidence; she was a supervisor; she relied on the underlying report in forming an expert opinion; and the underlying report included machine-generated data from a gas chromatographer. As such Lopez testified from her own personal knowledge and was available for cross-examination. For these reasons, the introduction of Lopez's testimony did not violate the Confrontation Clause.[2]

We agree that the testimony of Lopez did not violate *Padilla's* Sixth Amendment right of confrontation.

Further, as alternatively asserted by the Government, the admission was harmless. Lopez's testimony concerned less than 50 grams of methamphetamine, while the jury convicted Padilla of conspiracy to distribute more than 500 grams of methamphetamine and five kilograms of cocaine. Padilla does not challenge the sufficiency of the evidence supporting the methamphetamine conviction and merely challenges the amount of cocaine while admitting he joined a drug conspiracy.

Padilla has failed to establish plain error. Further, even under a de novo review, if the admission was error, it would be harmless in light of the evidence presented at trial. *Bell*, 367 F.3d at 468.

---

[2] Citing *Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2710, 2719-2722 (2011) (Sotomayor, J., concurring in part).

No. 11-50188

## CONCLUSION

For the reasons set out herein, we affirm the district court.

**AFFIRMED**.