**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-40377
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

ABDUL KAREM LUGMAN

Defendant-Appellant

Appeal from the United States District Court
For the Eastern District of Texas

November 25, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

**I.**

**FACTS AND PROCEDURAL HISTORY**

On February 19, 1996, Appellant Abdul Karem Lugman was traveling in a car driven by Nicholas Parson, when deputies of the Henderson County, Texas, Sheriff's Department attempted to stop them for a traffic violation.  Lugman and Parson attempted to evade the sheriff's deputies, leading them on a high-speed chase ending when Parson lost control of the car, which flipped and landed on the hood of the deputies' patrol car.  The Presentence

1

Investigation Report ("PSR") indicates that the deputies observed Lugman stick his arm out of the window of the car during the chase, as though he were throwing something out. At the place along the road where the deputies observed Lugman stick his arm out of the window, they discovered two plastic bags containing a substance, which upon analysis proved to be 32.41 grams of crack cocaine.

On October 28, 1996, pursuant to a plea agreement, Lugman entered a plea of guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In his plea agreement, Lugman agreed to cooperate fully with law enforcement and in return the United States Attorney agreed to inform the court and probation office of the extent and value of his cooperation and to recommed a three-level reduction in Lugman's base offense level for his acceptance of responsibility. It was understood that these recommendations were not binding on the district court.

In the PSR the probation office added two levels to Lugman's base offense level for Reckless Endangerment During Flight under U.S.S.G. § 3C1.2, on the basis that Parson's attempt to evade capture was attributable to Lugman. Lugman objected to the § 3C1.2 enhancement and to the probation officer's refusal to recommend a two-level decrease in the base offense level under U.S.S.G. § 3B1.2 on the basis that Lugman was a minimal participant. Lugman also made a motion for downward departure under U.S.S.G. § 5K2.0, because the government did not make a motion for downward departure under U.S.S.G. § 5K1.1, in exchange for Lugman's cooperation with

them in the investigation and prosecution of other drug traffickers. Lugman had apparently assisted local authorities in Texas to make cases against other drug traffickers. However, those cases had not been resolved and the government refused to request a downward departure under § 5K1.1 until they were, whereupon the government would make a motion to reduce Lugman's sentence under Fed. R. Crim. P. 35.[1] Lugman's concern, naturally, was that the cases might not be resolved within the one-year time limit for motions under Rule 35.

On March 21, 1997, the district court overruled Lugman's objections, denied his motion for downward departure and sentenced him to seventy-eight (78) months confinement, the minimum allowed under his offense level as calculated by the probation office. Lugman appeals assigning the following errors:

1.   **The district court erred by denying Lugman's motion for a downward departure under U.S.S.G. § 5K2.0;**

2.   **The district court erred by adding a two-level enhancement to Lugman's base offense level for obstruction of justice/reckless endangerment during flight under U.S.S.G. § 3C1.2;**

3.   **The district court erred by refusing to decrease Lugman's base offense level by two-levels under U.S.S.G. § 3B1.2 for being a minimal participant.**

## II.

### LAW & ANALYSIS

### A.

---

[1]Rule 35 provides that : "The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense ..."

## § 5K2.0 Downward Departure

U.S.S.G. § 5K2.0 allows the district court to make a downward departure from the guidelines "if the court finds 'that there exists [a] ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" To the extent that the district court's decision not to depart downward in this case involves a determination of whether § 5K2.0 can apply in cases of substantial assistance is a question of law reviewed for abuse of discretion. *Koon v. United States*, --- U.S. ---, 116 S. Ct. 2035, 2047 (1996)(noting that a district court by definition abuses its discretion when it makes an error of law, and therefore a unitary abuse of discretion standard of review is sufficient).[2] Likewise, if, as a matter of law, § 5K2.0 may be applied to make a downward departure in a case of substantial assistance, then the determination of whether the facts warrant a downward departure under § 5K2.0 "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Id*. at 2046. Yet, this Court has gone even further in the context of downward departures under § 5K2.0, stating that:

> [w]e may only review a trial court's refusal to grant a downward departure from the Guidelines if the refusal was based on a violation of the law ... Thus, we have

---

[2]Although *Koon* involves a challenge to a district court decision to grant a downward departure, *Koon* does not distinguish, for purposes of the standard of review, between a decision to grant and a decision to deny the downward departure. Therefore, in either case, the standard of review is for abuse of discretion.

> jurisdiction if a district court's refusal to depart downward is premised upon the court's mistaken conclusion that the Guidelines do not permit such departure, but we have no jurisdiction if the court's refusal is based on its determination that departure is not warranted on the facts of the case.

*United States v. Palmer*, 122 F.2d 215, 222 (5th Cir. 1997), *citing United States v. Mitchell*, 964 F.2d 454, 462 (5th Cir. 1992). This rule of deferential review is a recognition that review even for abuse of discretion, might become a chance to second-guess the district court.

In this case the district court specifically found that there were no factors not taken into consideration by the Guidelines as to warrant a downward departure. The district court was apparently satisfied that any assistance Lugman had rendered or might render in aid of law enforcement would be adequately accounted for by the government's Rule 35 motion, if warranted. The district court denied Lugman's motion for downward departure on the basis that the facts adduced by Appellant as proof of his substantial assistance did not yet warrant such a departure. Therefore, this court lacks jurisdiction to review that wholly discretionary conclusion.[3]

**B.**

**§ 3C1.2 Reckless Endangerment Enhancement**

We review the district court's factual finding that Lugman's conduct amounted to reckless endangerment during flight under § 3C1.2 for clear error. *United States v. Campbell*, 42 F.3d 1199

---

[3]Since the district court properly refused to grant a downward departure under § 5K2.0, we need not reach the question of whether substantial assistance may ever be a basis for downward departure under 1 5K2.0.

5

(9th Cir. 1994), *cert. denied,* 514 U.S. 1091, 115 S. Ct. 1814, 131 L. Ed. 2d 738 (1995). *See also United States v. Tello*, 9 F.3d 1119, 1122 (5th Cir. 1993)(finding of obstructive conduct reviewed for clear error), *citing United States v. Ainsworth*, 932 F.2d 358, 362 (5th Cir. 1991), *cert. denied*, 502 U.S. 928, 112 S. Ct. 346, 116 L. Ed. 2d 286 (1991).

Appellant does not contest that Parson's attempt to evade the sheriff's deputies and the ensuing high speed chase amounted to reckless endangerment during flight. Rather, Appellant contests the district court's finding that he was cupable for the conduct of Parsons. Application note 5 to § 3C1.2 states that "[u]nder this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 3C1.2 (n.5). The district court adopted the PSR's findings in their entirety. In the PSR, in response to Appellant's objection to the §3C1.2 enhancement, the probation officer stated that the defendant was responsible for Parson's conduct pursuant to U.S.S.G. § 1B1.3(a)(1)(B).[4] The probation officer stated that the fact that

---

[4]§1B1.3 provides that for purposes of enhancement under § 3C1.2 the defendant is responsible for ...

(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid

Lugman agreed to travel with Parson, knowing cocaine was inside the car, makes § 1B1.3 (a)(1)(B) applicable.

Furthermore, as evidence that Lugman aided, counseled, or commanded the conduct of Parson, the PSR cites the records of the Henderson County Sheriff's Department, which contained an investigator's notes of an interview with Lugman on February 20, 1996. The investigator's notes revealed that Lugman, upon being given Miranda warnings, stated that Parson was unaware of the drugs which Lugman had on him, when Lugman got in the car. When the sheriff's deputies attempted to stop Parson, according to the investigator's notes, Lugman informed Parson that he had drugs on him, and that Parson needed to do something or they were going to jail. Therefore, according to the investigator's notes of his interview with Lugman, it was Lugman's idea to run from the deputies.

Lugman insists that it was an abuse of discretion for the district court to adopt that portion of the PSR, which relies on the investigator's notes of his interview with Lugman. Nowhere in his brief does Lugman maintain that the investigators notes are inaccurate or false. Rather, he would apparently have this Court rule that the investigators notes do not provide adequate evidentiary basis for that portion of the PSR relied on by the district court, regardless of whether they are accurate or not. However, this Court has stated that:

A presentence report generally bears sufficient indicia

detection or responsibility for that offense."

of reliability to be considered as evidence by the district court in resolving disputed facts. [citations omitted] A district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. [citations omitted] *The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue.*

*United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995)(emphasis added).

Lugman was aware of the probation officer's reliance on the investigator's notes before he was sentenced, yet Lugman did not present any evidence which would cast doubt on the truthfulness or accuracy of the investigator's notes. Lugman has presented no evidence that the investigator's account of his interview with Lugman on February 20, 1996, is somehow defective. Therefore, the investigator's notes, in point of fact, do provide adequate evidentiary basis for the PSR's conclusion that it was Lugman's idea that Parson attempt to evade the sheriff's deputies, and therefore, any reckless conduct committed by Parson may be attributed to Lugman for purposes of enhancement under § 3C1.2. Hence, the district court was correct in its adoption of the PSR's findings which rely on the investigator's notes of his February 20, 1996, interview with Lugman.

## C.

### § 3B1.2 Decrease for Minimal Participants

This Court reviews a district court decision not to reduce the defendant's base offense level because of his minimal role in the offense for clear error. *United States v. Giraldi*, 86 F.3d 1368,

1378 (5th Cir. 1996), *citing United States v. Watson*, 988 F.2d 544, 550 (5th Cir. 1993). Section 3B1.2 allows a four-point reduction in the defendant's base offense level, if he was a minimal participant in the criminal activity. The government in the plea agreement with Lugman agreed not to oppose a finding by the probation officer or the district court that Lugman was a minor participant pursuant to § 3B1.2. However, it was also clear that the plea agreement was not and could not be binding on the United States Probation Office or the district court.

There was no clear error in the district court's conclusion that Lugman was not a minimal participant. "A downward adjustment under § 3B1.2 is appropriate where a defendant was substantially less culpable than the average participant." *Giraldi, supra*, 86 F.3d at 1378*, citing United States v. Gadison*, 8 F.3d 186, 197 (5th Cir. 1993). Parson and Lugman were the only participants, and, as between them, little difference in their respective culpability can be discerned. Lugman did not drive the car, but the evidence indicated that he actively participated in the decision to flee. Lugman also admitted that Parson was unaware that Lugman had any drugs on him when Lugman got in the car. Finally, Lugman was observed actually throwing the cocaine from the car. We cannot say on this record that the district court committed clear error by finding that Lugman was not a minimal participant within the meaning of § 3B1.2.

### III.

### CONCLUSION

Finding no error in the sentence imposed upon Appellant, we affirm.

AFFIRMED.