IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20164
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK LAMONT HARRISON, also known
Derek LNU, also known as Dirty D, also
known as Feliciano C Green

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-188-2
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:*

Derrick Lamont Harrison appeals his sentence imposed as a
result of his guilty plea conviction for conspiracy to possess
with intent to distribute over 50 grams of cocaine base (commonly
known as "crack") and aiding and abetting the possession of over
50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1),
841(b)(1)(A)(iii), and 846.

Harrison argues that the district court erred in refusing to

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grant a downward departure pursuant to § 5K2.0. Harrison contends that the district court abused its discretion in denying his request for a downward departure for substantial assistance rendered, even though the Government did not move for such a departure under § 5K1.1. Harrison, however, does not contend that the district court was unaware it had the authority to depart downward pursuant to § 5K2.0, that it misapplied the Guidelines, or that it violated the law in refusing to grant a downward departure. This court lacks jurisdiction to review the district court's discretionary conclusion not to grant a downward departure. United States v. Luqman, 130 F.3d 113, 115 (5th Cir. 1997).

APPEAL DISMISSED.