IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50960
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEE BELZEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-107-1-SS
--------------------\
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

Michael Lee Belzel appeals his sentence following his guilty-plea conviction for one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a).

Belzel argues that the district court erred by not granting him a downward departure under U.S.S.G. § 5K2.11, p.s., because the district court mistakenly believed that it did not have authority to grant a departure under this provision. United States v. Luqman, 130 F.3d 113, 115 (5th Cir. 1997). However, we

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have no jurisdiction to review the district court's decision to deny Belzel's request for a downward departure because the record indicates that the district court determined that the facts in Belzel's case did not warrant a downward departure.  See United States v. Carmouche, 138 F.3d 1014, 1018 (5th Cir. 1998).

Belzel also argues that the district court erred by enhancing his base offense level for possessing a sawed-off shotgun when his indictment did not specifically charge him with having such a weapon.  This argument is meritless because the type of firearm a defendant possesses is not an essential element to be proved for conviction under § 922(g).  See United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998), cert. denied, 525 U.S. 1112 (1999).  Accordingly, Belzel's sentence is AFFIRMED.