**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40198**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BRAULIO IRACHETA-GARCES,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas, Brownsville**
**Lower Court No. 00-CR-384-3**
_____

November 7, 2001

Before JONES and DeMOSS, Circuit Judges, and FELDMAN,[*] District
Judge.

PER CURIAM:[**]

Braulio Iracheta-Garces ("Iracheta") pleaded guilty to
possession with intent to distribute more than 100 kilograms of
marijuana and was sentenced to 37 months' imprisonment.  Iracheta

---

[*]      District Judge of the Eastern District of Louisiana, sitting by
designation.

[**]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

contends, and we agree, that the district court erred in imposing a two-level increase under U.S.S.G. § 3C1.2 for recklessly endangering others during flight.

## I.  FACTS AND PROCEDURAL HISTORY

In August 2000, United States Border Patrol agents attempted to stop a car near Bluetown, Texas.  The car accelerated to a speed of 80 to 90 miles per hour and began to swerve erratically between the northbound and southbound lanes.  The driver lost control of the car as he was negotiating a turn.  The car left the roadway, and five people exited the car and fled on foot.  Border Patrol agents were able to apprehend the driver, Salvador Tobias-Perez, and two passengers, Braulio Iracheta-Garces and Jose Rangel-Martinez.  The agents searched the vehicle and found 332.6 pounds (or 151.18 kilograms) of marijuana.  Iracheta pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

In exchange for Iracheta's guilty plea, the Government stipulated that Iracheta was a minor participant in the drug smuggling operation and recommended that he be sentenced "at the low end" of the appropriate sentencing range.

The probation officer who prepared the Pre-Sentence Investigation Report ("PSR") determined that Iracheta's total

2

offense level was 21, which included a base offense level of 26, pursuant to U.S.S.G. § 2D1.1; a two-level decrease under the "safety valve" provisions of § 5C1.2 and § 2D1.1(b)(6); a two-level decrease under § 3B1.2(b) because Iracheta was a minor participant; a three-level decrease under § 3E1.1 because Iracheta had accepted responsibility; and, finally, a two-level increase pursuant to § 3C1.2 because Iracheta had recklessly endangered others during flight. On this last point, the PSR explained:

> Although a passenger in the vehicle, [Iracheta] endangered the public as well as the U.S. Border Patrol agents by attempting to flee at a high rate of speed. All reasonably foreseeable acts in furtherance of a jointly undertaken criminal activity shall be considered in determining the offense level.

With an offense level of 21 and a criminal history category of I, Iracheta's sentencing range was 37 to 46 months' imprisonment.

Iracheta objected to the reckless endangerment adjustment on the grounds that he was merely a passenger in the vehicle and had not encouraged the driver to flee. The Government agreed that the two-level increase under § 3C1.2 was not warranted by the facts of this case. Nevertheless, the district court overruled Iracheta's objection and adopted the findings and recommendations of the PSR.

The district court sentenced Iracheta to 37 months' imprisonment and 5 years' supervised release. Iracheta renewed his

objections in a motion to reconsider his sentence.  The district court denied the motion, and Iracheta now appeals.[1]

## II. DISCUSSION

Section 3C1.2 of the sentencing guidelines provides that "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."  The issue on appeal is whether Iracheta may be held accountable for reckless endangerment, even though he was not driving the speeding car and did not encourage the driver to flee.

Iracheta points to Application Note 5 to § 3C1.2, which explains that a defendant is "accountable for his own conduct and for that conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."  As the government admits, there is no evidence that Iracheta exercised any influence over the driver's conduct.

The district court relied on a more general section of the sentencing guidelines, which provides that, "[u]nless otherwise

---

[1]    Although Iracheta's plea agreement includes a partial waiver of his right to appeal his sentence, the Government does not contend that the waiver provision precludes this appeal. Moreover, given the present state of the record, we would be unable to determine whether Iracheta knowingly and voluntarily waived his right to appeal. See United States v. Melancon, 972 F.2d 566 (5th Cir. 1992).  Under these circumstances, we elect not to raise the waiver issue sua sponte.

specified, . . . in the case of a jointly undertaken criminal activity," guideline ranges are to be determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred . . . in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B). The district court concluded that Iracheta was subject to the enhancement because the driver's decision to flee was reasonably foreseeable.

Although there is an apparent inconsistency between these two provisions of the sentencing guidelines, every circuit that has squarely addressed the issue has held that Application Note 5 establishes an exception to the more general rule of § 1B1.3(a)(1)(B). See United States v. Cook, 181 F.3d 1232, 1235-36 (11th Cir. 1999)(citing decisions from the Sixth, Ninth, and Tenth Circuits). The district court's decision to impose a two-level increase pursuant to § 3C1.2 is thus contrary to the overwhelming weight of authority.[2] For the reasons stated in the Eleventh

---

[2] The only Fifth Circuit decision interpreting § 3C1.2 suggests that Application Note 5 creates an exception to the general rule of § 1B1.3(a)(1)(B). See United States v. Lugman, 130 F.3d 113 (5th Cir. 1997). In Lugman, as in this case, the district court applied the reckless endangerment enhancement solely on the ground that flight was reasonably foreseeable under § 1B1.3. Id. at 116. The Fifth Circuit, however, affirmed the sentence enhancement on the basis of Application Note 5. In Lugman, the PSR included a finding of fact that the defendant, who was a passenger in a car loaded with cocaine, implored the driver to flee from police. Id. The court concluded that there was an "adequate evidentiary basis for the PSR's conclusion that it was Lugman's idea that [the driver] attempt to evade the sheriff's deputies, and therefore, any reckless

5

Circuit's opinion in <u>Cook</u>, we hold that a sentence may not be enhanced under § 3C1.2 unless the defendant's conduct falls within the scope of Application Note 5.

## III. CONCLUSION

Because Iracheta should not have been subjected to the two-level increase for recklessly endangering others during flight, we VACATE Iracheta's sentence and REMAND the case for resentencing.

**VACATED and REMANDED.**

---

conduct committed by [the driver] may be attributed to Lugman for purposes of enhancement under § 3C1.2." <u>Id.</u> at 116-17.