United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40129
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY GOODEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-144-1
--------------------

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Corey Gooden appeals his sentence following a guilty-plea conviction for possession of cocaine base with intent to distribute.

Gooden first argues that the district court erred by enhancing his offense level by two levels for obstruction of justice. This enhancement was based on a comment Gooden made to a police officer after a pre-trial hearing. See U.S.S.G. § 3C1.1. Although Gooden concedes that he made an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"inappropriate" remark, he argues that it was not made with the intent to obstruct justice. Whether a threat was made with the intent to obstruct or impede the administration of justice is a fact question reviewed for clear error. United States v. Greer, 158 F.3d 228, 233 (5th Cir. 1998). "As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous." United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). Based upon our review of the record and the circumstances under which the comment was made, we conclude that the district court did not clearly err in finding that Gooden's comment was a threat intended to obstruct the administration of justice.

Gooden also argues that the district court erred by enhancing his offense level by an additional two levels based on his high-speed flight from the police. See U.S.S.G. § 3C1.2. Gooden argues that his flight was brief and did not rise to the level of reckless endangerment. Whether a defendant's conduct constitutes reckless endangerment during flight under § 3C1.2 also is a factual finding reviewed for clear error. United States v. Luqman, 130 F.3d 113, 115-16 (5th Cir. 1997). We conclude that the district court did not clearly err in finding that Gooden's brief high-speed flight amounted to reckless endangerment. See United States v. Jimenez, 323 F.3d 320, 321-24 (5th Cir.), cert. denied, 124 S.Ct. 124 (2003).

AFFIRMED.