United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40129
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY GOODEN,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-674-1
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This court affirmed Corey Gooden's conviction and sentence. United States v. Gooden, 111 Fed. Appx. 297 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Gooden v. United States, 125 S.Ct. 1612 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Gooden argues that his sentence runs afoul of Booker because he was sentenced pursuant to the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory Guideline scheme found unconstitutional in Booker, and because his sentence was enhanced based on findings made by the district court in violation of the Sixth Amendment. He acknowledges that he did not raise any Booker-related arguments before the district court or on direct appeal. Instead, he raised the issue for the first time in his petition for a writ of certiorari. This court recently held that, in the absence of extraordinary circumstances, the court will not consider Booker-related arguments raised for the first time in a petition for a writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Because Gooden did not raise his Booker-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). There is no plain error because, as Gooden concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. Because Gooden has not shown plain error, he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari". Taylor, 409 F.3d at 677. The fact that Gooden received a sentence in the middle of the guideline range does not support an inference that the district court would have imposed a lower sentence under advisory sentencing guidelines.

2

See <u>United States v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir.) ("the fact that the sentencing judge imposed the minimum sentence under the Guideline range ... alone is no indication that the judge would have reached a different conclusion under an advisory scheme"), <u>cert. denied</u>, 126 S.Ct. 264 (2005).

Gooden argues that he should not be required to make a showing of prejudice because the <u>Booker</u> error was structural or is the type of error that should be presumed prejudicial. This contention is foreclosed by <u>Mares</u>. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 464 (2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 194 (2005).

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Brooks's conviction and sentence.

JUDGMENT REINSTATED.

3