**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-21085
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOPOLDO GONZALEZ-GARCIA,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-297
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Leopoldo Gonzalez-Garcia (Gonzalez) appeals his sentence following a guilty-plea conviction

for aiding and abetting the transportation of aliens for financial gain. Gonzalez argues that the district

court erred by enhancing his offense level by two levels pursuant to U.S.S.G. § 3C1.2 based on his

flight from the police. Gonzalez argues that his flight did not rise to the level of reckless

endangerment because there was no evidence that he fled through a commercial or residential area

or any other evidence of an aggravating factor.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

While Gonzalez objected to the imposition of the enhancement in the district court, he did not object to sufficiency of the evidence. Accordingly, we review this argument for plain error only. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994) (if a defendant objects to a sentencing adjustment in the district court, but on grounds different from those raised on appeal, the new arguments raised on appeal are reviewed for plain error only). Whether a defendant's conduct constitutes reckless endangerment during flight under § 3C1.2 also is a factual finding. *United States v. Lugman*, 130 F.3d 113, 115-16 (5th Cir. 1997).

We conclude that the district court did not plainly err in finding that Gonzalez's flight, at a speed of up to 70 miles per hour, while transporting 19 aliens, during which he engaged in evasive driving tactics, amounted to reckless endangerment under § 3C1.2 . *See United States v. Jimenez*, 323 F.3d 320, 321-24 (5th Cir. 2003). Accordingly, the judgment of the district court is AFFIRMED.