# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-10638
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROCKEY MORANTE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-183-2

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rockey Morante appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. See 21 U.S.C. § 841(a)(1) and (b)(1)(B). He argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 3C1.2, and he asks that the two-level increase be set aside as not proved. He asks in the alternative that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be resentenced under the "new standard" of law set out by Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007).

We review the procedural soundness and substantive reasonableness of Morante's sentence under the abuse-of-discretion standard of review. See Gall, 128 S. Ct. at 597. Whether a defendant's conduct constitutes reckless endangerment during his flight from law enforcement under § 3C1.2 is a factual finding reviewed for clear error. See United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Lugman, 130 F.3d 113, 115-16 (5th Cir. 1997).

To the extent that Morante challenged the facts stated in the presentence report (PSR) to support the § 3C1.2 enhancement, he bore the burden to demonstrate that such facts were "materially untrue." Lugman, 130 F.3d at 116. Although, in his written objections to the PSR, Morante presented a different version from the PSR regarding what happened when he fled law enforcement, he failed to offer any evidence at sentencing to show that the PSR's statements were "materially untrue." Accordingly, as the PSR provided that Morante's car was traveling at a "high rate of speed," that his car "spun out of control," that he hit a parked car belonging to a resident, and that, as a result of the chase, the passenger in his car was killed, the district court did not clearly err in finding sufficient evidence of reckless endangerment during flight to support an increase under § 3C1.2. See United States v. Jimenez, 323 F.3d 320, 321-24 (5th Cir. 2003). Moreover, because the district court imposed a sentence within the properly calculated guidelines range, it is presumptively reasonable. Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, there is nothing in either Gall or Kimbrough that mandates a new sentencing hearing in this case. See Gall, 128 S. Ct. 586; Kimbrough, 128 S. Ct. 558. Accordingly, as Morante has not demonstrated any abuse of discretion by

the district court in imposing his sentence, see Gall, 128 S. Ct. at 594, his sentence is AFFIRMED.