IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 08-30042
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEN A BARDELL

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-218-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ken A. Bardell appeals his sentence of 57 months of imprisonment imposed following his guilty plea conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He argues that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. Bardell contends that his conduct, throwing a loaded gun behind a bar where people were standing, did not warrant the enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's determination that a defendant's conduct constituted reckless endangerment under § 3C1.2 for clear error. See United States v. Lugman, 130 F.3d 113, 115-16 (5th Cir. 1997). Section 3C1.2 provides for a two-level increase in a defendant's offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Reckless refers to a situation in which the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." § 2A1.4, comment. (n.1) (cross-referenced in § 3C1.2, comment. (n.2).).

The applicability of § 3C1.2 is not limited "to situations resulting in actual harm or manifesting extremely dangerous conduct by a defendant." United States v. Jimenez, 323 F. 3d 320, 323 (5th Cir. 2003); see also United States v. Villanueva, 69 F. App'x 657 (5th Cir. 2003) (finding that a two-level enhancement under § 3C1.2 was proper where the defendant threw a bag containing methamphetamine onto a public sidewalk while fleeing from police because anyone, including a child, could have picked up the methamphetamine and ingested it). Bardell has not shown that the district court's imposition of the § 3C1.2 enhancement was clearly erroneous.

AFFIRMED.