# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10748
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARYN ANTIONE REID,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-231-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

In challenging the 120-month sentence imposed on his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Daryn Antione Reid contends the district court erred in applying the advisory Sentencing Guidelines enhancements under §§ 2K2.1(b)(6)(B) and 3C1.2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10748

In that regard, Reid admitted he possessed a 9mm pistol, which he attempted to retrieve from his clothing, as discussed *infra*, immediately prior to fleeing arrest in September 2015, and which he discarded in a dumpster before being apprehended.  In an unrelated instance one month prior to this arrest, Reid was observed by law enforcement officers offering to sell crack cocaine.  After noticing the police vehicle, Reid ran into a convenience store, where he was observed discarding an unidentified object into a garbage can.  Shortly after he was arrested, a .45 caliber firearm was found in the garbage can, but no charges were filed for this encounter.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In applying § 2K2.1(b)(6)(B), the court found Reid possessed a .45 caliber firearm in connection with the felony offense of "Attempt to Distribute Cocaine Base".  That enhancement applies when defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense".  U.S.S.G. § 2K2.1(b)(6)(B).  "The district court's determination of the relationship between the firearm and another offense is a factual finding." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  A criminal charge need not have

been brought for an offense to qualify as "another felony offense" under this Guideline. § 2K2.1, cmt. n.14(C).

Reid presents three challenges to the court's imposing the § 2K2.1(b)(6)(B) enhancement. First, he asserts the evidence was insufficient to prove he possessed the .45 caliber firearm and committed the offense of sale of a dangerous drug under Tex. Health & Safety Code § 483.042. The undisputed evidence showed: two police officers overheard Reid offer cocaine base to individuals in an automobile in the parking lot of a convenience store; Reid entered the convenience store immediately after the officers instructed him to walk towards them; two witnesses inside the convenience store observed Reid place an item in a garbage can shortly before the .45 caliber firearm was found there; and Reid verbally threatened to shoot those witnesses and the individuals in the automobile. Based on the record as a whole, the court's finding he possessed the .45 caliber firearm was plausible and thus not clearly erroneous. *See Coleman*, 609 F.3d at 708–09.

Reid's second challenge concerns the Texas offense for sale of a dangerous drug, but he does not state anywhere in his brief why his conduct did not amount to the offense of attempt to distribute cocaine base under 21 U.S.C. §§ 841 and 846. He has, therefore, waived this challenge, *see United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002), and has not shown the court erred in determining he possessed a firearm in connection with the felony offense of attempted distribution of cocaine base.

Third, Reid asserts Guideline § 2K2.1(b)(6)(B) is inapplicable because his conviction involved the possession of the 9mm and not the .45 caliber—a different firearm in a different incident. This contention is unavailing because the Guidelines commentary discusses both §§ 2K2.1(b)(6)(B) and (c)(1), and makes clear that only § 2K2.1(c)(1) requires the firearm possessed in

No. 16-10748

connection to another felony offense be the same firearm cited in the offense of conviction. *See* § 2K2.1, cmt. n.14(A) ("[S]ubsection (c)(1) contains the additional requirement that the firearm or ammunition be cited in the offense of conviction".). In short, the court did not err in applying the enhancement.

Concerning Reid's challenging the court's applying § 3C1.2, that Guideline applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer". U.S.S.G. § 3C1.2. He contends the court clearly erred in finding he recklessly created a substantial risk of death or serious bodily injury to another person during his September flight. Reid's conduct while fleeing from a police officer included reaching for a 9mm pistol that was in Reid's waistband, which caused the officer to take cover for safety; eventually removing the pistol from his waistband and climbing over a fence, at which time the pistol discharged one round; and continuing to run with the pistol through an apartment complex until he discarded it in a dumpster. Accordingly, the court's application of § 3C1.2 was supported by the evidence and not clearly erroneous. *See United States v. Bardell*, 294 F. App'x 881, 881–82 (5th Cir. 2008).

AFFIRMED.