# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

No. 19-10658
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT FRANCISCO BAZAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-88-1

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Robert Francisco Bazan appeals his convictions and sentences following a jury trial on charges of possessing with the intent to distribute methamphetamine (Counts One and Four); possessing a firearm in furtherance of a drug trafficking crime (Counts Two and Five); and possessing a firearm after a felony conviction (Counts Three and Six). Bazan challenges the sufficiency of the evidence to support his convictions on Counts One, Two,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Five, and Six, as well as the application of the U.S.S.G. § 3C1.2 sentencing enhancement for reckless endangerment during flight.

As Bazan acknowledges, he failed to move for a judgment of acquittal in the district court, and we thus review his challenge to the sufficiency of the evidence for plain error. *See United States v. Davis*, 690 F.3d 330, 336 & n.6 (5th Cir. 2012). This court has "summarized the plain-error test's application to unpreserved sufficiency claims by stating that the court will reverse only if there is a *manifest* miscarriage of justice." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). Given the obvious-error requirement of the plain-error standard, an unpreserved insufficiency claim must be rejected "unless the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Id.* at 330-31 (internal quotation marks and citation omitted). We "consider the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007) (internal quotation marks and citation omitted).

With respect to Counts One and Two, Bazan contends that there was not sufficient evidence that he was the individual who sold methamphetamine to a confidential informant (CI) in a controlled buy on April 16, 2018. The evidence at trial showed that, after Bazan was recorded asking the CI if he wanted a "full one," Bazan was observed making a hand-to-hand exchange with the CI, who was subsequently found to be in possession of approximately one ounce of methamphetamine. With respect to Counts Five and Six, Bazan argues that the evidence was insufficient to prove that he possessed a firearm during a July 29, 2018 police chase. Bazan's passenger testified at trial that Bazan threw two firearms out of the vehicle during the chase, and two firearms

No. 19-10658

were ultimately recovered from the side of the road.  Accordingly, Bazan has not shown that, when the evidence is considered in the light most favorable to the Government, his conviction on Counts One, Two, Five, and Six amounted to a manifest miscarriage of justice.  *See Delgado*, 672 F.3d at 330-31; *McDowell*, 498 F.3d at 312.

Bazan further asserts that the district court clearly erred in finding that he shot at the pursuing deputies during the July 29, 2018 police chase and thereby triggered the § 3C1.2 enhancement.  *See United States v. Lugman*, 130 F.3d 113, 115-16 (5th Cir. 1997).  One deputy testified at trial that he was certain that a shot was fired at him, and the other deputy corroborated seeing the dirt "pop up."  While there was evidence indicating that the two recovered guns had been discarded from the vehicle before the purported shooting, one deputy testified that there was a subsequent ten-minute window during which Bazan was not observed by officers and could have destroyed or concealed other contraband.  And although the vehicle's passenger testified that no guns were discharged, we give deference to the sentencing court's apparent determination that the officers' testimony was more credible than that of the vehicle's passenger.  *See United States v. Sarasti*, 869 F.2d 805, 807 (5th Cir. 1989).  Accordingly, the district court's determination by a preponderance of the evidence that Bazan shot at the deputies during flight is not clearly erroneous, as it is plausible in light of the record as a whole and fails to support a definite and firm conviction that a mistake has been made.  *See United States v. Serfass*, 684 F.3d 548, 550, 553 (5th Cir. 2012).

In light of the foregoing, the judgment of the district court is AFFIRMED.